No. 37,347

Vern Miller, *Petitioner*, v. R. H. Hudspeth, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 170)

Opinion filed November 13, 1948.

*Charles W. Lowder*, of Kansas City, argued the cause, and was on the brief for the petitioner.

*Harold R. Fatzer*, assistant attorney general, argued the cause, and *Edward F. Arn*, attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

Harvey, C. J.: This is an original proceeding in habeas corpus by an inmate of our state penitentiary. The record discloses that on October 31, 1945, the county attorney of Neosho county filed in the district court of that county an information charging Vern Miller and George Joseph Cross, jointly, with the breaking and entering of a described residence in which there were goods, jewelry and other valuable things, and with the stealing of such goods, of the value of more than $20, on or about October 16, 1945. On the same day defendants were brought into court and the petitioner here filed a statement bearing the title of the case and which reads as follows:

"Waiver of Counsel.

"I, Vern Miller, a defendant in the above entitled action, having been fully advised of my legal and constitutional right to have counsel appointed to represent me in the above criminal action, hereby voluntarily waive my right to said counsel and specifically state that I do not wish to be represented by an attorney in said action."

This was signed by Miller, subscribed to before the clerk of the district court, and witnessed by two witnesses. The record shows the following proceedings:

"The Court: Mr. Miller, the Court has here a document entitled waiver of counsel, filed in this case. Did you sign the waiver of counsel?
"Miller: Yes, sir.

"The Court: It is the duty of the Court to inform you that under the laws of Kansas you are entitled to representation by attorney. You are charged in this case with a felony. Burglary and grand larceny are felonies under the laws of Kansas, and punishable by a term in the penitentiary. Do you wish counsel, or do you waive your right to representation by counsel?

"Miller: I waive counsel."

After some other preliminaries the information was read and Miller was called upon to plead, and entered a plea of guilty. The court inquired of Miller if there was any reason why sentence should not be pronounced and he replied in the negative. The court interrogated him briefly upon where he had lived and what he had been doing, which brought out the fact, among other things, that he had been prosecuted at Jefferson City, Mo., for a felony and sentenced to the penitentiary for three years and served twenty-one months of the time. The fact of his prior conviction, however, was not reflected in the sentence of the court. The court imposed a sentence for second-degree burglary of a term of not less than five nor more than ten years in the penitentiary, at hard labor, and upon the charge of grand larceny to serve a term of not to exceed five years in the state penitentiary, the sentences to run concurrently. This is the sentence the petitioner is now serving. At the time of his sentence he was thirty-four years of age. The record clearly shows that he was charged under G. S. 1935, 21-520, 21-524, and he was sentenced under 21-523 and 21-524. These are the appropriate sections for charge and sentence.

As ground for his release petitioner alleges that he was prosecuted under an information rather than an indictment and that he was denied a fair and impartial trial. There is no merit in either of these contentions. He charged that by coercion, duress and threat he was forced to sign the waiver of counsel and forced to enter a plea of guilty. After the filing of his petition this court appointed an attorney to represent him. The attorney conferred with him fully and later prepared a brief and argued it in this court. He was unable to give his attorney any information other than his own statement concerning these points. The record disproves them.

The writ prayed for is denied.